United States Bankruptcy Court
Eastern District of Pennsylvania

In re:   
Samuel Edwards   
Melvina Edwards   
     Debtors

Case No. 15-18034-mdc   
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2     User: ChrissyW     Page 1 of 1     Date Rcvd: Nov 16, 2016  
                                Form ID: pdf900     Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 18, 2016.  
db/jdb       +Samuel Edwards,    Melvina Edwards,    1503 Rainer Road,    Brookhaven, PA 19015-1941  
13639989     +MidFirst Bank,    999 NorthWest Grand Boulevard,    Oklahoma City, OK 73118-6051

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                            TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 18, 2016                                                     Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 16, 2016 at the address(es) listed below:  
         ANDREW F GORNALL     on behalf of Creditor    MidFirst Bank agornall@kmllawgroup.com, bkgroup@kmllawgroup.com  
         JOHN L. MCCLAIN     on behalf of Debtor Samuel   Edwards aaamcclain@aol.com, edpabankcourt@aol.com  
         JOHN L. MCCLAIN     on behalf of Joint Debtor Melvina   Edwards aaamcclain@aol.com, edpabankcourt@aol.com  
         JOSHUA ISAAC GOLDMAN     on behalf of Creditor    MidFirst Bank bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com  
         United States Trustee     USTPRegion03.PH.ECF@usdoj.gov  
         WILLIAM C. MILLER     ecfemails@ph13trustee.com, philaecf@gmail.com  
         WILLIAM C. MILLER     on behalf of Trustee WILLIAM C. MILLER ecfemails@ph13trustee.com, philaecf@gmail.com  
                                                                                        TOTAL: 7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Samuel Edwards<br>Melvina Edwards<br>　　　　　Debtors | | CHAPTER 13 |
| MidFirst Bank<br>　　　　　Movant<br>vs. | | NO. 15-18034 MDC |
| Samuel Edwards<br>Melvina Edwards<br>　　　　　Debtors | | 11 U.S.C. Section 362 |
| William C. Miller Esq.<br>　　　　　Trustee | | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by Movant on Debtors' residence is **$5,562.22**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | February 2016 through August 2016 at $631.16 |
| Late Charges: | February 2016 through August 2016 at $25.24 |
| Fees & Costs Relating to Motion: | $1,026.00 |
| Suspense Balance | ($58.58) |
| **Total Post-Petition Arrears** | **$5,562.22** |

2. Debtors shall cure said arrearages in the following manner;

   a). Within seven (7) days of the filing of this Stipulation, Debtors shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$5,562.22** along with the pre-petition arrears;.

   b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$5,562.22** along with the pre-petition arrears;

   c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim;

   d). Maintenance of current monthly mortgage payments to Movant thereafter.

3. Should debtors provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: September 8, 2016    By: /s/ Joshua I. Goldman, Esquire
Joshua I. Goldman, Esquire
Attorneys for Movant
KML Law Group, P.C.
Main Number: (215) 627-1322

Date: 10/18/16
John L. McClain Esq.
Attorney for Debtors

/Mitchell J. Prince, Esq.

No Objection: [signature]
TRUSTEE *without prejudice to any trustee rights or remedies

Approved by the Court this 15th day of November, 2016. However, the court retains discretion regarding entry of any further order.

Magdeline D. Coleman
Bankruptcy Judge
Magdeline D. Coleman